**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-6167**

MICHAEL MCCOY,

Plaintiff - Appellant,

versus

SHOPPERS FOOD WAREHOUSE,

Defendant - Appellee,

and

WARDEN,

Defendant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, District Judge. (CA-02-3838-MJG)

Submitted: June 9, 2003          Decided: June 19, 2003

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael McCoy, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael McCoy filed an employment discrimination complaint (No. 02-CA-3838-MJG) in the district court on November 25, 2002. In an order dated December 2, 2002, the district court directed McCoy to file an amended complaint demonstrating that he had exhausted his administrative remedies and to either pay the filing fee or to file an application to proceed in forma pauperis.

The district court subsequently discovered that McCoy had filed another complaint based on the same facts and also raising a claim of employment discrimination. The district court clerk had docketed those papers as a separate case (No. 02-CA-3946-MJG). Because the second complaint was filed on the proper forms and because McCoy had filed an application to proceed in forma pauperis, the district court dismissed the first, incomplete action without prejudice. The second lawsuit—raising the same claim against the same defendant—is proceeding in the district court. Thus, the dismissal of the first action has not harmed McCoy's ability to pursue a remedy for the alleged discrimination.

The decision to dismiss the initial lawsuit was a sound exercise of the district court's discretion to manage the court's docket. We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in

2

the materials before the court and argument would not significantly aid the decisional process.

AFFIRMED